# Order

**Michigan Supreme Court**
**Lansing, Michigan**

September 12, 2007

133691

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellant,

v

DASHAWN SHERIFF HEAD,
      Defendant-Appellee.

_____/

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 133691
COA: 265844
Genesee CC: 05-015545-FH

On order of the Court, the application for leave to appeal the February 22, 2007 judgment of the Court of Appeals is considered and, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we VACATE that portion of the judgment of the Court of Appeals that reversed the defendant's conviction for maintaining a drug house. MCL 333.7405(d). The evidence presented was sufficient to establish that the defendant exercised authority or control over the house. *People v Bartlett*, 231 Mich App 139 (1998). Articles of clothing belonging to the defendant were found in a dresser drawer in an upstairs bedroom. In an upstairs closet, police officers found a loaded handgun tucked into a mattress as well as a money order receipt made out to the defendant. While the defendant told the officers that he did not live in the house, he was unable to provide an address on the road where he claimed to reside. A controlled drug buy involving a person fitting the codefendant's description was made at the house in question. When a search warrant was executed at the house only several hours later, over $500 in cash and the marked $20 bill that was used in the controlled buy were found in the defendant's pocket. As to the claim that the evidence was insufficient to establish that the house was used continuously for an appreciable period of time for the purpose of conducting drug-related activities, we REMAND this case to the Court of Appeals for reconsideration in light of *People v Thompson*, 477 Mich 146 (2007). If, upon reconsideration, the Court of Appeals affirms the defendant's conviction for maintaining a drug house, it shall address the defendant's final argument on direct appeal that was left unresolved in view of its reversal of the maintaining a drug house conviction. That argument was that the trial court imposed a sentence for the drug-house conviction that departed from the statutory guidelines without articulating a substantial and compelling reason for the departure.

We do not retain jurisdiction.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

September 12, 2007

s0905

_____
Clerk